UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANDEEP SINGH (A# 240-843-262)<br>Petitioner,<br>v.<br>WARDEN,<br>Respondent. | No. 1:26-cv-08738 DAD SCR<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee proceeding pro se with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This matter is referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Procedural Background**

Petitioner, proceeding pro se, filed his first immigration habeas petition in this Court on January 5, 2026, Singh v. Warden of the Golden State Annex ICE Detention Facility, No. 1:26-cv-00053 WBS ICD, ECF No. 1 (E.D. Cal.) ("Singh I"), challenging his prolonged detention without bond under the Due Process Clause of the Fifth Amendment. District Judge Shubb determined Petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E) and denied the petition on May 5, 2026, pursuant to Uulu v. Warden, 820 F. Supp. 3d 1113 (E.D. Cal. 2026). Singh I, ECF No. 16. Petitioner filed a second pro se immigration habeas petition and a motion for temporary restraining order ("TRO") on July 16, 2026, Singh v. Warden, Central

Valley Annex, No. 1:26-cv-05515 WBS ICD, ECF No. 1 (E.D. Cal.) ("Singh II"), seeking relief on similar grounds. After the Court appointed counsel, Judge Shubb denied the TRO on September 8, 2026, and referred the matter to a U.S. Magistrate Judge for further proceedings. Singh II, ECF No. 24. That matter remains pending, although briefing on the merits of the petition has yet to be scheduled.

Petitioner, again proceeding pro se, filed this third petition on October 23, 2026 ("Singh III"), seeking, *inter alia*, relief for his ongoing, prolonged detention without bond (Counts Three and Four).[1] ECF No. 1 at 6-7. Respondent has filed a motion to dismiss the petition pursuant to the abuse of the writ doctrine. ECF No. 8. Respondent argues that because Singh II remains pending and "involves the same detention and same parties as the instant petition," dismissal is appropriate to avoid duplicative litigation. Id. at 2.

**II. Analysis**

As noted above, Petitioner's second immigration habeas action, Singh II, is pending in this district. Accordingly, the undersigned recommends that this action be dismissed as duplicative of that earlier-filed, pending action.

"It is well established that a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims." M.M. v. Lafayette Sch. Dist., 681 F.3d 1082, 1091 (9th Cir. 2012) (citing Adams v. California Dep't of Health Servs., 487 F.3d 684, 688-89 (9th Cir. 2007), overruled in part on other grounds by Taylor v. Sturgell, 553 U.S. 880 (2008)). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams, 487 F.3d at 688. "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." Id. (citation omitted).

"[I]n assessing whether the second action is duplicative of the first, we examine whether

[1] District Judge Shubb declined to relate the instant petition to Singh I and II. ECF No. 7.

the causes of action and relief sought, as well as the parties or privies to the action, are the same." Adams, 487 F.3d at 689 (citations omitted). Regarding the causes of action and relief sought, both petitions challenge Petitioner's ongoing, prolonged detention without bond under the Due Process Clause of the Fifth Amendment. Compare Singh II, ECF No. 1 at 16-17 (Count One), with Singh III, ECF No. 1 at 6-7 (Counts Three and Four). Thus, the first requirement is met.

The second requirement asks whether the respondents are the "same or in privity." Adams, 487 F.3d at 691. Here, the respondent in both actions is the Warden of the Central Valley Annex Immigration Detention Facility. Accordingly, the second requirement is met.

Generally, "where a new *pro se* petition is filed before the adjudication of a prior petition is complete, the new petition should be construed as a motion to amend the pending petition rather than as a successive application." Woods v. Carey, 525 F.3d 886, 888-90 (9th Cir. 2008). But here, the petitions are materially the same. Moreover, as noted above, Petitioner has appointed counsel in Singh II, and this Court generally does not accept pro se filings by represented parties. See Atwal v. Albarran, No. 1:26-CV-01570-DAD-AC, 2026 WL 1678336, at *2 (E.D. Cal. June 10, 2026); United States v. Brayshaw, No. 2:14-mc-00088-MCE-KJN, 2018 WL 534120, at *1 (E.D. Cal. Jan. 23, 2018) (noting that under Rule 11, a party "cannot both be represented and file her own motions"). Construing the later-filed petition as a motion to amend would serve no purpose. Accordingly, the instant petition for writ of habeas corpus should be dismissed as duplicative of the petition filed in Singh II.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that Petitioner's petition for writ of habeas corpus (ECF No. 1) be dismissed without prejudice as duplicative of the pending action Singh v. Warden, Central Valley Annex, No. 1:26-cv-05515 WBS ICD (E.D. Cal.).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to

////

file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 10, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE